IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------ :
UNITED STATES OF AMERICA            : CASE NO. 4: 05 CR 00545
                                                          :
                                      Plaintiff   :
                                                          : MEMORANDUM OF OPINION AND
              -vs-                                : ORDER DENYING DEFENDANT'S
                                                          : MOTION FOR RETURN OF
                                                          : PROPERTY
ANTHONY J. FAWCETT,                  :
                                                          :
                                   Defendant.   :
------------------------------------------------------ :


UNITED STATES DISTRICT JUDGE LESLEY WELLS


        Before the Court is Defendant Anthony J. Fawcett's motion, pursuant to Fed. R.

Crim. P. 41(g) ("Rule 41(g)"), for the return of his "non-forfeited and non-contraband

property which the government seized from his former residence and place of business

on October 27, 2005."  (Doc. 233).  In his reply brief and "Declaration", Mr. Fawcett

avers the government removed personal papers and jewelry, pursuant to search

warrants, from a home he previously owned with his wife at 60 Fifth Avenue, Hubbard,

Ohio, (Hubbard Address") and from a warehouse at 1097 Wick Avenue, Youngstown,

Ohio.  ("Wick Address")  (Doc. 236).  In response, the government tersely notes that it

returned "the seized jewelry" to the lawyer of co-defendant Mary Fawcett, Mr. Fawcett's

former wife, and had destroyed the records and documents Mr. Fawcett seeks "in

accordance with government policy."  (Doc. 235; Exh. A, Hold Harmless Agreement &

Acknowledgment of Receipt of Property; Exh. B, Aff. Of DEA Agent Michael Hughes).

With respect to the return of property, Rule 41(g) governs. "The general rule is that seized property, other than contraband, should be returned to the rightful owner after the criminal proceedings have terminated." Sovereign News Co. v. United States, 690 F.2d 569, 577 (6th Cir. 1982) (quoting United States v. Francis, 646 F.2d 251, 262 (6th Cir. 1981)).  The initial issue for consideration "is whether [the movant] can show a sufficient property interest in the [property] to demand their return." Ibid.  The burden can be satisfied by a showing that the government seized the items from the movant's possession. United States v. Estep, 760 F.2d 1060, 1064 (10th Cir. 1985).  But even if the movant demonstrates a property interest, courts will not grant a motion for the return of property if the government no longer possesses the property. United States v. Francis, 646 F.2d 251, 263 (6th Cir. 1981) (denying motion for the federal government to return property where the government turned property over to a state pursuant to a valid lien).

Advisory Committee commentary on Rule 41 contemplates that:

> no standard is set forth in the rule to govern the determination of whether property should be returned to a person aggrieved either by an unlawful seizure or by deprivation of the property. The fourth amendment protects people from unreasonable seizures as well as unreasonable searches and reasonableness under all of the circumstances must be the test when a person seeks to obtain the return of property.

Fed. R. Crim. P. 41 advisory committee's note to 1989 amendments.  Therefore, when considering a motion to return, the Court must balance the legitimate needs of the United States against the property rights of the moving party. Ibid.; United States v. Francis, 646 F.2d 251, 263 (6th Cir. 1981).  When the government has a "continuing interest" in the property, the property does not have to be returned. Ibid.  The

2

government can demonstrate a continuing interest by showing that the property is contraband or necessary for an ongoing investigation. United States v. LaFatch, 565 F.2d 81, 83 (6th Cir.1977) (stating that "[t]he general rule is that seized property, other than contraband, should be returned to its rightful owner once the criminal proceedings have terminated"). The Sixth Circuit has held that Rule 41(g) contemplates a hearing "on any issue of fact necessary to the decision of the motion." United States v. Hess, 982 F.2d 181, 186-87 (6th Cir. 1992).

In this matter, Mr. Fawcett has not yet shown a sufficient property interest in the jewelry listed in his Declaration. The Defendant avers the jewelry, consisting largely of vintage watches, was taken from a residence in which, at the time of the exercise of the warrant, Mr. Fawcett no longer had any property interest and in which he no longer resided. Mr. Fawcett has yet to offer any evidence to demonstrate his lawful possession of the jewelry listed in his Declaration. Further, Mr. Fawcett has failed to specify with any certainty the items he seeks to have returned. Instead, the description offered in his Declaration is generic by type (watch), and brand (Rolex), and general year (vintage 1978).

As for the government's evidence, the Court has before it a Hold Harmless Agreement and Itemization Form of the jewelry returned to Ms. Fawcett's counsel with simply no indication that the search warrants netted any other personal property beyond the women's jewelry listed on the Itemization Form. The Court cannot conclude from the government response whether there is, or is not, in the government's possession, any other personal affects gathered as a result of the search warrants on the Wick and Hubbard Addresses.

With regard to Mr. Fawcett's records and documents "seized for evidentiary purposes", the government represents they were "destroyed in accordance with government policy."  (Ex. B. Aff. Hughes).  A motion to return property should be denied where the government does not possess a defendant's property and therefore cannot return it. <u>United States v. White</u>, 718 F.2d 260, 261 (8th Cir. 1983); cf. <u>United States v. Obi</u>, 100 F. App'x 498 (6th Cir.2004).  Because the government has destroyed the documents and papers, it no longer possess the property seized at Wick address.  Accordingly, the Court cannot grant the Defendant's requested relief as to the documents and papers.

For the reasons discussed, the Court cannot grant Mr. Fawcett's Rule 41(g) motion at this time.  However, Mr. Fawcett is free to renew his motion upon providing more information, pursuant to the concerns in this Opinion, regarding the specific items of jewelry he seeks to have returned from the Wick and Hubbard addresses.

IT IS SO ORDERED.

  Lesley Wells                                    
UNITED STATES DISTRICT JUDGE

Date: 19 April 2012

4