IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------  :
                                                              : CASE NO. 4:05CR545
ANTHONY J. FAWCETT,                      :
                                                              :
                             Petitioner,  :
                                                              : MEMORANDUM OF OPINION AND
                              -vs-                 : ORDER
                                                              :
UNITED STATES OF AMERICA,      :
                                                              :
                                       Respondent.
------------------------------------------------------

UNITED STATES DISTRICT JUDGE LESLEY WELLS

     This matter comes before the Court on petitioner Anthony J. Fawcett's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. (Doc. 46). The government filed a response in opposition (Doc. 48), and the petitioner replied. (Doc. 50). For the reasons that follow, the petitioner's motion is denied.

**I.**

In October 2005, a search warrant was executed at a home previously owned by Mr. Fawcett in Hubbard, Ohio. A second warrant was executed at a warehouse in Youngstown, Ohio. The government seized 3,122 marijuana plants, numerous firearms, and U.S. currency. In addition to the contraband, the government seized jewelry and other personal items that belonged to the petitioner.

On 16 November 2005, the government filed a four-count Indictment against Mr. Fawcett and three others in connection with the seizures. Mr. Fawcett was charged with Count one -- conspiracy to cultivate, grow, process, possess and possess with the intent to distribute marijuana, in violation of 21 U.S.C. § 846; Count two -- cultivate, grow, process, possess and possess with intent to distribute marijuana, in violation of 21 U.S.C. 841(a)(1) and (b)(1)(A) and 18 U.S.C. § 2; and Count four -- being a felon in possession of a firearm, in violation of 18 U.S.C. 922(g)(1).

On 4 January 2007, the petitioner and the government entered into a plea agreement, and U.S. Magistrate Judge George Limbert received Mr. Fawcett's plea of guilty to Counts one and four. The government agreed to dismiss Count two. On 9 February 2007, this Court accepted the magistrate judge's recommendation to approve the plea agreement and accept Mr. Fawcett's guilty plea. On 15 October 2009, the Court sentenced Mr. Fawcett to 168 months custody and 10 years supervised release on Count 1. Mr. Fawcett was sentenced to 168 months custody and 3 years supervised release on Count 4. The sentences were to run concurrently.[1]

---

[1] Mr. Fawcett's sentences of 168 months were reduced to 120 months. (See Doc. 257, 260).

The petitioner now moves to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

**II.**

Pursuant to 28 U.S.C. § 2255(b),

> If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

28 U.S.C. § 2255(b). To prevail on a § 2255 motion alleging constitutional error, the petitioner must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. Brecht v. Abrahamson, 507 U.S. 619, 637-638 (1993). To prevail on a § 2255 motion alleging non-constitutional error, the petitioner must establish a "'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (citing Hill v. United States, 368 U.S. 424, 428 (1962)). It is well-settled "that to obtain collateral review relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982)).

If the record includes a factual dispute, the district court "must hold a hearing to determine the truth of the [petitioner's] claims." Turner v. United States, 183 F.3d 474, 477 (6th Cir.1999). Petitioner is not entitled to a hearing, however, "if the files and records of the case conclusively show that he is not entitled to relief." Green v. United States, 65 F.3d 546, 548 (6th Cir.1995).

3

**III.**

**Ground One**

Mr. Fawcett maintains that the government engaged in prosecutorial misconduct when it breached its obligations under the plea agreement. Mr. Fawcett argues that he was induced to enter into a plea agreement on the government's promise that certain items of jewelry seized in connection with this case would be returned to him.

"[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." Santobello v. New York, 404 U.S. 257, 262 (1971). "In determining whether a plea agreement has been broken, courts look to "what was reasonably understood by [the defendant] when he entered his plea of guilty." United States v. Mandell, 905 F.2d 970, 973 (6th Cir. 1990) (quoting United States v. Arnett, 628 F.2d 1162, 1164 (9th Cir.1979)

Having reviewed the plea agreement, the Court concludes that it contains no promise by the government to return Mr. Fawcett's jewelry. Moreover, by signing the agreement, Mr. Fawcett acknowledged that the plea agreement was the full extent of the parties' agreement:

> The defendant and his legal counsel further acknowledge that no assurances, promises, or representations have been given by the United States or by any of its representative which are not contained in this written agreement. This plea agreement sets forth the full and complete terms and conditions of the agreement between the defendant and the government.

(Doc. 96, p. 17). During the change of plea hearing, Mr. Fawcett agreed on the record that no promises outside the plea agreement induced him to plead guilty. (Doc. 91, p.

4

28). As such, Mr. Fawcett had no reasonable basis for relying on any representations that may have been made outside the written agreement. Even if the petitioner had such a basis, there is no evidence elsewhere in the record of a promise by the government to return Mr. Fawcett's jewelry. During the change of plea hearing, the defendant's attorney acknowledged that there was "no promise" on the part of the government that the jewelry would be returned. And while the Assistant United States Attorney recognized Mr. Fawcett's strong desire to have his jewelry returned, she only stated that the government was "working to try to return that to the defendant."

Because Mr. Fawcett cites nothing in the record which could be reasonably construed as a promise to return the defendant's property, the Court rejects the defendant's argument that the government breached the plea agreement.

**Grounds 2 & 3**

Grounds two and three involve an ineffective assistance of counsel claim relating to Mr. Fawcett's felon in possession conviction and his ineligibility for the safety valve provision of the U.S. Sentencing Guidelines. Mr. Fawcett essentially argues that his lawyer was ineffective for advising the petitioner to plead guilty pursuant to the plea agreement, because, in the petitioner's view, the government had insufficient evidence to convict him of the felon in possession charge at trial. Mr. Fawcett further contends that by taking his lawyer's advice and admitting to possession of the 39 firearms under the terms of the plea agreement, he unnecessarily waived his right to seek application of the safety valve provision. Mr. Fawcett urges the Court to review the evidence in this case, in light of Sixth Circuit constructive possession case law, and he suggests that

5

based his interpretation of the facts and the law, his lawyer should have taken a different trial strategy.

On an ineffective assistance of counsel claim under Strickland, the Court is faced with one, or possibly two, questions: whether counsel provided reasonably competent representation; and, if he did not, whether counsel's unprofessional errors prejudiced the defendant. Strickland v. Washington, 466 U.S. 668, 687 (1984). If the Court can more easily dispose of an ineffective assistance claim based on lack of prejudice, it may follow that route. Watson v. Marshall, 784 F.2d 722, 726 (6th Cir.1985).

To show that representation was constitutionally deficient, the petitioner must demonstrate that counsel's errors were "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. However, "[j]udicial scrutiny of counsel's performance must be highly deferential." Id. at 689. Because "it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable . . ."

> every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

Id.

To establish prejudice, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

Mr. Fawcett has failed to demonstrate deficient representation on the part of trial counsel. It is undisputed that, at that time of his guilty plea, the government had evidence that the petitioner possessed the combination to two safes which contained the 39 firearms that formed the basis of the petitioner's felon in possession conviction. In addition, while Mr. Fawcett disputes its significance, there was evidence that a vehicle belonging to Mr. Fawcett was seen at the premises where the safes were kept. This evidence plainly supports the idea that Mr. Fawcett had dominion over the guns inside the safes. See United States v. Billman, 257 F. App'x 904, 910 (6th Cir. 2007) (defendant's possession of a key to a safe containing a firearm supported conviction for felon in possession of a firearm). Further, according to the government, there was a wealth of evidence tying Mr. Fawcett to the weapons found in the safes, including Mr. Fawcett's admission to DEA agents, in the presence of counsel, that the guns belonged to him. Given the existence of this evidence, it was not unreasonable for Mr. Fawcett's lawyer to advise Mr. Fawcett to sign the plea agreement and enter a guilty plea. Mr. Fawcett has failed to rebut the presumption that his lawyer was employing sound trial strategy in this instance.

Further, assuming that counsel was ineffective when he advised the petitioner to enter into the plea agreement, Mr. Fawcett fails to demonstrate that he was prejudiced, as it is not reasonably likely that the result of this proceeding would have been different had Mr. Fawcett's attorney not recommended his client enter a guilty plea. Therefore, Mr. Fawcett's ineffective assistance of counsel claims are without merit.

**IV.**

For the reasons stated above, the petitioner's motion is denied. The Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

                                                                       /s/ Lesley Wells
                                                   UNITED STATES DISTRICT JUDGE

Date:  27 February 2015